IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER CRENSHAW, administrator of the Estate of THOMAS CRENSHAW | : : : : | CIVIL DIVISION |
| Plaintiff, | : : | |
| v. | : : : | |
| UNITED STATES OF AMERICA | : : | NO. 02-CV-4006 |
| Defendant. | : : : | |

## ANSWER AND AFFIRMATIVE DEFENSIVES

The United States of America, by its attorney, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania and Paul G. Shapiro, Assistant United States Attorney for said District, for its Answer to Plaintiffs' Complaint states:

## JURISDICTION AND VENUE

The United States denies the allegations set forth in the unnumbered paragraph preceding paragraph 1 of Plaintiffs' complaint except that the United States admits that this action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. and that this Court has jurisdiction over the claims of plaintiff Christopher Crenshaw, administrator of the Estate of Thomas Crenshaw, under the provisions of 28 U.S.C. §§ 1346(b) and 2674 and that venue is proper in this District.

# THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1 of plaintiff's complaint except that it admits that Christopher Crenshaw submitted an administrative tort claim dated 9/4/01 listing the averred address.

2. The United States admits the allegations set forth in paragraph 2 of plaintiff's complaint.

3. The United States denies the allegations set forth in paragraph 3 of Plaintiff's complaint except that it admits that the Department of Veterans Affairs operates a hospital in Philadelphia, Pennsylvania ("PVAMC").

4. The United States denies the allegations set forth in paragraph 4 of Plaintiff's complaint except that it admits that the named physician was duly licensed during the period in which he practiced at the PVAMC.

5. The United States has not yet been able to determine the status and relationship of the named physician with the PVAMC, if any, and therefore is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 5 of Plaintiff's complaint.

6. The United States denies the allegations set forth in paragraph 6 of Plaintiff's complaint except that it admits that the named physician was duly licensed during the period in which he practiced at the PVAMC.

7. The United States denies the allegations set forth in paragraph 7 of Plaintiff's complaint except that it admits that the named physician was duly licensed during the period in which he practiced at the PVAMC.

8. The United States denies the allegations set forth in paragraph 8 of Plaintiff's complaint except that it admits that the named physician was duly licensed during the period in which she practiced at the PVAMC.

9. The United States has not yet been able to determine the status and relationship of the named physician with the PVAMC, if any, and therefore is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9 of Plaintiff's complaint.

10. The United States has not yet been able to determine the status and relationship of the named physician with the PVAMC, if any, and therefore is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 10 of plaintiff's complaint.

11. The United States denies the allegations set forth in paragraph 11 of Plaintiff's complaint.

## FACTUAL ALLEGATIONS

12. The United States denies the allegations set forth in paragraph 12 of Plaintiff's complaint except that the United States admits that on or about May 14, 1999 Thomas Crenshaw, then age 57, had an office visit with John J. Murphy, MD at PVAMC.

13. The United States denies the allegations set forth in paragraph 13 of Plaintiff's complaint except that the United States admits that on or about July 18, 2000 Thomas Crenshaw had an office visit with John J. Murphy, MD at PVAMC.

14. The United States denies the allegations set forth in paragraph 14 of Plaintiff's complaint except that the United States admits that on or about January 16, 2001 Thomas Crenshaw was treated at the PVAMC.

15. The United States denies the allegations set forth in paragraph 15 of Plaintiff's complaint except that the United States admits that on or about January 16, 2001 Thomas Crenshaw was treated at the PVAMC. The United States further admits that the Progress Notes dated 1/16/01 contain entries relating to family history.

16. The United States denies the allegations set forth in paragraph 16 of Plaintiff's complaint except that it admits that Thomas Crenshaw was provided with an echocardiagram.

17. The United States denies the allegations set forth in paragraph 17 of Plaintiff's complaint except that it admits that Thomas Crenshaw was provided with a stress test.

18. The United States denies the allegations set forth in paragraph 18 of Plaintiff's complaint except that the United States admits that on or about January 23, 2001 Thomas Crenshaw was treated with cardiac catheterization/angiography.

19. The United States denies the allegations set forth in paragraph 19 of Plaintiff's complaint.

20. The United States denies the allegations set forth in paragraph 20 of Plaintiff's complaint except that it admits that Thomas Crenshaw was not treated with those procedures at PVAMC.

21. The United States denies the allegations set forth in paragraph 21 of Plaintiff's complaint except that the United States admits that on or about January 25, 2001 Thomas Crenshaw was treated at the PVAMC with an echocardiogram.

22. The United States denies the allegations set forth in paragraph 22 of Plaintiff's complaint except that the United States admits that on or about January 29, 2001 Thomas Crenshaw was discharged from the PVAMC and was provided with follow-up appointments.

23. The United States denies the allegations set forth in paragraph 23 of Plaintiff's

complaint except that the United States admits that on or about February 19, 2001 Thomas Crenshaw was treated at the PVAMC.

24. The United States denies the allegations set forth in paragraph 24 of Plaintiff's complaint except that it admits that Thomas Crenshaw was treated by Dr. Samaha at the PVAMC on February 21, 2001.

25. The United States denies the allegations set forth in paragraph 25 of Plaintiff's complaint except that the United States admits that on or about February 22, 2001 Thomas Crenshaw was discharged from the PVAMC.

26. The United States denies the allegations set forth in paragraph 26 of Plaintiff's complaint except that the United States admits that on or about March 2, 2001 Thomas Crenshaw was seen by Dr. Dunkman for a previously scheduled appointment.

27. The United States denies the allegations set forth in paragraph 27 of Plaintiff's complaint except that the United States admits that on or about March 13, 2001 Thomas Crenshaw was seen by Dr. Murphy.

28. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of Plaintiff's complaint except that the United States admits that Thomas Crenshaw's Certificate of Death records that on or about March 26, 2001 Thomas Crenshaw died at Our Lady of Lourdes Medical Center in Camden, New Jersey.

29. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of Plaintiff's complaint except that the United States admits that Thomas Crenshaw's Certificate of Death records that the immediate cause of death was Acute - MI.

## COUNT ONE - NEGLIGENCE

## PLAINTIFF V. UNITED STATES OF AMERICA

The United States incorporates its answers to paragraphs 1 through 29 as though set forth at length.

30. The United States denies the allegations of paragraph 30 of Plaintiff's complaint except that the United States admits that the PVAMC is operated by a Department of the United States.

31. The United States denies the allegations of paragraph 31 of Plaintiff's complaint.

32. The United States denies the allegations of paragraph 32 of Plaintiff's complaint.

33. The United States denies the allegations of paragraph 33 of Plaintiff's complaint including each and every subpart.

34. The United States denies the allegations of paragraph 34 of Plaintiff's complaint.

35. The United States denies the allegations of paragraph 35 of plaintiffs' complaint.

## COUNT TWO- WRONGFUL DEATH

## PLAINTIFFS [sic] V. UNITED STATES OF AMERICA

The United States incorporates its answers to paragraphs 1 through 35 as though set forth at length.

36. The United States denies the allegations of paragraph 36 of Plaintiff's complaint.

37. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of Plaintiff's complaint except that it admits that Christopher Crenshaw submitted an administrative tort claim dated 9/4/01 in connection with the death of Thomas Crenshaw.

38. The United States denies the allegations of paragraph 38 of Plaintiff's complaint.

39. The United States denies the allegations of paragraph 39 of Plaintiff's complaint.

40. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of Plaintiff's complaint.

41. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of Plaintiff's complaint.

42. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of Plaintiff's complaint.

## COUNT THREE - SURVIVAL ACTION

## PLAINTIFF V. UNITED STATES OF AMERICA

The United States incorporates its answers to paragraphs 1 through 42 as though set forth at length.

43. The United States denies the allegations of paragraph 43 of Plaintiff's complaint.

44. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of Plaintiff's complaint except that it admits that Christopher Crenshaw submitted an administrative tort claim dated 9/4/01 in connection with the death of Thomas Crenshaw.

45. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of Plaintiff's complaint except that it admits that Christopher Crenshaw submitted an administrative tort claim dated 9/4/01 in connection with the death of Thomas Crenshaw.

46. The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of Plaintiff's complaint except that it avers that it is entitled to judgment.

47. The United States denies the allegations of paragraph 47 of Plaintiff's complaint.

48. The United States denies the allegations of paragraph 48 of Plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The alleged injuries of the plaintiff were not proximately caused by a negligent or wrongful act or omission of the defendant.

## THIRD AFFIRMATIVE DEFENSE

The United States provided Thomas Crenshaw with all necessary and appropriate medical care in accordance with the appropriate standard of medical care.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiffs, and that it be awarded costs and any other relief that the Court determines is just.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

PAUL G. SHAPIRO
Assistant United States Attorney

Dated: August 26, 2002

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that true and correct copy of the foregoing Answer was served this date by first class mail, postage prepaid, on counsel for the parties as follows:

> Adam M. Starr, Esquire
> Garber, Kasten, Jarve & Mullen, P.A.
> 1310 Kings Highway North
> Cherry Hill, NJ 08034

_Paul G. Shapiro_
Assistant United States Attorney

Dated: August 26, 2002